United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC K. KASHAMA, | No. C 09-1298 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| CENTURY INSURANCE GROUP a/k/a CENTURY SURETY COMPANY a/k/a PROCENTURY INSURANCE COMPANY, and DOES 1-50 | |
| Defendants. / | |

Plaintiff has filed a motion to remand this case to Alameda County Superior Court. The motion is scheduled for hearing on May 15, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, plaintiff's motion is GRANTED.

**BACKGROUND**

The events that give rise to this insurance dispute began on May 12, 2008, when a fire caused severe damage to a property owned by Othman & Associates. Othman & Associates had obtained a commercial insurance policy from defendant Century Surety Company, an Ohio corporation, on April 4, 2008. The insurance policy contains a "service of suit" clause that provides, in relevant part:

> It is agreed that in the event of the failure by us to pay any amount claimed to be due hereunder, we will, at your request, submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

Complaint, ex. A. Plaintiff Isaac Kashama is the assignee of Othman & Associates. Complaint ¶ 8. On February 24, 2009, plaintiff filed a complaint in Alameda County Superior Court against defendant, alleging bad faith settlement tactics and seeking an injunction. The gravamen of plaintiff's complaint is that defendant failed to settle plaintiff's two claims arising from the fire damage: a $1,200,000 claim for property damage and a $360,000 claim for loss of business operations. Complaint ¶¶ 33, 40. On March 3, 2009, defendant made a payment of about $1,267,980. *See* Decl. of Patti Bitner in Supp. of Def. Opp. Some time before March, 2009, defendant had paid plaintiff a total of $343,900. *See id.* Defendant removed to this Court on March 25, 2009, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**LEGAL STANDARD**

A motion to remand is the proper procedure for challenging an opposing party's removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or upon the motion of a party. A defendant who invokes the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

**DISCUSSION**

**1.    Plaintiff's Motion to Remand**

Plaintiff contends that defendant's removal to this Court was improper because, pursuant to the terms of the insurance contract, defendant had consented to the jurisdiction of Alameda County Superior Court, where plaintiff filed suit. Defendant responds that the service of suit provision in the insurance contract applies only in a case where defendant has failed to pay covered claims. Here, defendant contends that it has now paid all covered claims. The only remaining issue in the case, according to defendant, is plaintiff's contention that defendant unreasonably delayed in making payments. In defendant's view, the service of suit provision is not applicable because this is not a case about "failure by [defendant] to pay any amount claimed to be due."

The Court disagrees. It is uncontested that plaintiff filed suit on February 24, 2009 and that defendant subsequently made a payment of $1,267,980. Thus, when the case was filed, this was a dispute arising from defendant's failure to pay. Under the service of suit provision, defendant consented to the jurisdiction of any court of competent jurisdiction requested by plaintiff – here, Alameda County Superior Court. The service of suit provision is a forum selection clause,[1] through which the defendant waived its right to remove this case to federal court. *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991) ("We are persuaded that this clause gives to the policyholder (or its assignee) the right to select the forum, foreclosing [defendant's] right to remove this action to federal court."); *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216-17 (3d Cir. 1991) (holding that service of suit provision constituted waiver of insurance company's right to remove); *Perini Corp. v. Orion Ins. Co.*, 331 F. Supp. 453 (C.D. Cal. 1971) (same). Defendant cannot evade the forum selection clause *after* suit is filed by paying what, by its reckoning, is the entire amount due under the contract and then pronouncing that this a case about unreasonable delay rather than refusal to pay.

For these reasons, plaintiff's motion to remand this case to state court is GRANTED.

### 2. Plaintiff's Motion for Fees and Costs

Plaintiff also seeks $6,135 for fees and costs incurred in bringing the instant motion. Plaintiff is correct that in some situations, payment of such fees is appropriate. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") Nonetheless, the Court finds that no fees are warranted here. This motion did not present complicated legal issues – the parties filed a total of about ten pages of argument briefing the issues. Accordingly, plaintiff's motion for fees and costs is DENIED.

---

[1] A forum selection clause is unenforceable if enforcement would be unreasonable under the circumstances. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). Defendant does not argue that enforcement would be unreasonable here. Its sole argument is that the service of suit provision does not apply.

**CONCLUSION**

For the foregoing reasons and good cause shown, plaintiff's motion for remand is GRANTED and this action is remanded to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: May 12, 2009

_____
SUSAN ILLSTON
United States District Judge